## North Chicago Electric Ry. Co. v. Caroline Moosman, Adm'x, etc.

1. JURORS—*Disqualifications of.* Under Sec. 2, Chap. 78, R. S.—A person over sixty years of age is disqualified to serve as a juror. (Sec. 2, Chap. 78, R. S.)

2. STATUTORY RIGHTS—*Peremptory Challenges Are.*—Peremptory challenge, to the number limited, is a statutory right, and not merely a regulation. A party is entitled to exclude from the jury, in the trial of his cause, persons to the number allowed by the statute who are objectionable to him, without assigning a reason therefor. He is the sole judge of whether such persons are objectionable, and his decision of that question is final and conclusive.

**Trespass on the Case,** for personal injuries. Trial in the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in

North Chicago Electric Ry. Co. v. Moosman.

the Branch Appellate Court at the March term, 1899. Reversed and remanded. Opinion filed April 11, 1899.

ALEXANDER CLARK, attorney for appellant.

In 1874, age was made a disqualification of a juror. Secs. 2 and 14, Chap. 78, Revised Stat.; Plummer v. People, 74 Ill. 361.

If, on account of the refusal of a court to allow a juror to be properly challenged for cause, a party is compelled to exhaust his peremptory challenges and thereby an objectionable juror is left upon the panel, the error will be a reversible one. Robinson v. Randall, 82 Ill. 521; Wilson v. People, 94 Id. 299; Spies et al. v. People, 122 Id. 257.

J. R. PHILP and MUNSON T. CASE, attorneys for appellee, S. P. SHOPE, of counsel, contended that the age of a juror is an exemption, not a disqualification. Davison v. The People, 90 Ill. 225; Davis v. The People, 19 Ill. 74; Murphy v. The People, 37 Ill. 447; Chase v. The People, 40 Ill. 352.

MR. JUSTICE HORTON delivered the opinion of the court.

This is an action on the case, brought by appellee, against appellant, to recover damages for the death of appellee's intestate, claimed to have resulted from the negligence of the appellant's motorman, in running its electric street car, operated by overhead trolley, on Milwaukee avenue, at a point where that avenue is intersected by Fullerton avenue.

In selecting the jury for the trial of this case, one of the persons called to serve stated that he was between sixty-one and sixty-two years of age. The attorney for appellant moved that such juror be excused because of his age, that is, a challenge for cause was interposed, the cause being that the juror was disqualified for the reason that he was over sixty years of age. This challenge was denied by the court, to which attorney for appellant duly excepted. Attorney for appellant then challenged such juror peremptorily. He had interposed two peremptory challenges before that. Therefore if such challenge for cause was not well taken, he then exhausted the three peremptory challenges to which

he was entitled by statute. Afterward said attorney interposed separate peremptory challenges to two other jurors, each of which was denied by the court upon the theory that all of the peremptory challenges to which appellant was entitled had been exhausted. Both of said jurors, as to whom appellant's peremptory challenges had been denied, sat as jurors in the trial of said cause.

On behalf of appellant it is contended that the court erred in denying the challenge for cause of the juror who was over sixty years of age, and in refusing to allow one of the peremptory challenges thereafter interposed.

Thus the question is presented as to whether, when a person who is over sixty years of age is called to serve as a juror, the fact that he is of that age, is only a privilege or right of exemption, to be claimed by the juror himself, or whether it is also a disqualification which may be urged by a party to the suit.

Section 2, Chapter 78, R. S. of Ill., provides that the county board, in making the "jury list," shall take the names of such only as are:

"*First.* Inhabitants of the town or precinct not exempt from serving on juries.

"*Second.* Of the age of twenty-one years or upward, and under sixty years old.

"*Third.* In the possession of their natural faculties, and not infirm or decrepit.

"*Fourth.* Free from all legal exceptions, of fair character, of approved integrity, of sound judgment, well informed, and who understands the English language."

Section 14 provides that "It shall be sufficient cause of challenge of a petit juror that he lacks any one of the qualifications mentioned in section two."

The Jury Commissioners Act, in force July 1, 1897, is, in effect, only an amendment of said chapter 78, entitled "Jurors." No material change in the statute is hereby made, in so far as the question now under consideration is involved. The same age qualification is retained, but it is provided that the jury commissioners instead of the county board shall make up the jury list. It provides the jury list

North Chicago Electric Ry. Co. v. Moosman.

shall be " a list of electors   *   *   *   possessing the nec-
essary legal qualifications for jury duty."     '

The answer to the question presented is to be evolved by
an interpretation of the statute as to jurors.

This statute was under consideration by the Supreme
Court in Plummer v. People, 74 Ill. 361.   After quoting
from section 14 (then section 15) as to the cause of chal-
lenge, the court says (p. 365) :

" The section, plainly, to our minds, specifies three totally
distinct and independent causes of challenge."

"First, when the juror lacks any one of the qualifica-
tions mentioned in section two," etc.

Some of these qualifications are that the persons selected
shall be " Inhabitants of the town.   *   *   *   In the pos-
session of their natural faculties   *   *   *   and who under-
stand the English language."   Suppose a person is called
into the jury box who is not in the possession of his
natural faculties, i. e., one who is insane.   Will any one
contend that this is not a disqualification, or not a suffi-
cient ground of challenge for cause ?   Or, suppose that
a person who does not understand the English language
is thus called.   Is that not sufficient ground of challenge
for cause ?   Or, if an alien be called, one who is not
an inhabitant of the town, etc.   It would be simply
absurd to contend that any person from either one
of these three classes is not disqualified.   They are
embraced in three of the four items or classes named in
said section 2.   Upon what canon or principle of construc-
tion can it be held that section 14 means that persons men-
tioned in these three items are disqualified, and that those
mentioned in the other item of said section 2, viz., persons
over sixty years of age are not disqualified ?   These pro-
visions of the statute are not fairly susceptible of any other
than the plain meaning of the language used.   The juror
as to whom the challenge for cause was denied certainly
lacked one of the qualifications mentioned in section 2, viz.,
he was not " under sixty years old."

We confess to an inability to conceive any doubt or

ambiguity or uncertainty upon this question.   There is no provision in section 2 as to any qualifications except those in the four items above quoted. When section 14 states that "It shall be sufficient cause of challenge of a petit juror that he lacks any one of the qualifications mentioned in section 2," it means any one of the causes named in said four items quoted, or it is meaningless.

It is urged by attorneys for appellee that the same rule applies to grand jurors as to petit jurors.   Section 9 provides that grand jurors shall be selected "possessing the qualifications as provided in section 2 of this act." That section refers to grand jurors only.   Section 14 refers to *petit* jurors only.   Whatever construction may be given to section 9 can not change the definite language of section 14 as to the right of challenge of *petit* jurors.

Section 14 also provides that "It shall be the duty of the court to discharge from the panel all jurors who do not possess the qualifications provided in this act as soon as the same is discovered."   Section 4 gives a list of persons who are exempt from jury service, but does not mention those persons who are by section 2 disqualified.   It is not provided by the statute that "It shall be the duty of the court to discharge from the panel all persons who " are exempt, but only such persons as are disqualified.

It is also further provided by section 14 that "If a person has served on a jury in a court of record within one year he shall be exempt from again serving during such year, unless he waives such exemption."   Nowhere in this statute do we discover a disqualification of persons to serve as jurors outside of section 2, except that women are disqualified by section 1, because they are not legal voters.   A clear distinction is provided by the statute between disqualification and exemption.   Disqualification is ground for challenge for cause, and it is even made the duty of the court to discharge those who are disqualified.   Exemption is the personal privilege of the juror, and is not ground for challenge.

The court erred in denying appellant's challenge for cause

North Chicago Electric Ry. Co. v. Moosman.

of said juror, who was over sixty years of age.   It was also a prejudicial error.   The case of Spies v. The People, 122 Ill. 1, 258, is cited by appellee as conclusive upon this point. The court there says:

" We can not reverse this judgment for errors committed in the lower court in overruling challenges for cause to jurors, even though appellants exhausted their peremptory challenges, unless it is further shown that an objectionable juror was forced upon them, and sat upon the case after they had exhausted their peremptory challenges."

The juror, Sanford, was called into the box in the Spies case after appellants and exhausted their peremptory challenges.   They then objected to this juror for cause.   The court says:   "The only question, then, which we deem it material to consider, is:   Did the trial court err in overruling the challenge for cause of Sanford, the twelfth juror, or in other words, was he a competent juror?"   After quoting and reviewing at length the examination of that juror, the court says (p. 264):   "We can not see that the trial court erred in overruling the challenge for cause of the twelfth juror."

No peremptory challenge of the juror, Sanford, was interposed, and therefore the court was not required to examine as to whether appellants were entitled to any further peremptory challenges.   Not so in the case at bar.   Here appellant interposed a peremptory challenge to another juror (in fact to two), claiming that its peremptory challenges had not been exhausted.   Peremptory challenges, to the number limited, are a statutory right.   They are not merely a regulation as to selecting jurors.   The very essence of that right is, that a party is entitled to exclude from the jury, in the trial of his cause, persons who are to him objectionable, without assigning any reason therefor.   He is the sole judge of whether such persons are objectionable, and his decision of that question is final and conclusive.   If, then, appellant's challenge for cause of the juror for the reason that he was over age, was well taken and should have been sustained, appellant had not in law exhausted its per-

emptory challenges. When, therefore, appellant afterward interposed a peremptory challenge, such challenge was an exercise of its statutory right, and should have been sustained. It was thus conclusively determined by the only party who could decide that question, and whose decision is not subject to review, that the person thus challenged was an objectionable juror. As such juror was retained against the objection of appellant, it is "shown that an objectionable juror was forced upon appellant and sat upon the case." Appellant was deprived of a statutory right. This was reversible error.

Inasmuch as the case must be reversed and remanded for the error indicated, we do not enter into any discussion or review of the merits.

The judgment of the Superior Court is reversed and the cause remanded.