(No. 41678.—

THE PEOPLE *ex rel.* James Cook, Jr., Appellant, *vs.* MAX P. FRYE, Warden, Appellee.

*Opinion filed March 27, 1969.*

JAMES COOK, JR., *pro se.*

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Petitioner, James P. Cook, Jr., incarcerated in the State penitentiary at Menard, Randolph County, by virtue of a judgment and sentence entered in the circuit court of Mc-Donough County, filed in Randolph County circuit court a petition for writ of *habeas corpus* seeking his release from confinement. He now brings this appeal from an order dismissing his *habeas corpus* proceeding.

The thrust of the petition for discharge filed August 5, 1968, was that in May, 1968, he forwarded a post-conviction petition to the clerk of the McDonough County circuit court and had not received any notification or communication of any action thereon; that it was the duty of the clerk, the State's Attorney and the court of that county to proceed in accordance with the provisions of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*), and grant relief thereunder; that although he had fully complied with the requirements of the Act "the court and state's attorney have, by their separate and combined actions, conspired in abridging and denying the petitioner his constitutional right to challenge the validity of his conviction." He charged that as a direct result of the acts complained of he could invoke section 22 of the Habeas Corpus Act, which provides that: "If it appears that the prisoner is in custody by virtue of process from any court legally constituted, he can be discharged only for some of the following causes. * * * 2. Where, though the original imprisonment was lawful, yet, by some act, omission or event which has subsequently taken place, the party has become entitled to his discharge." Ill. Rev. Stat. 1967, ch. 65, par. 22.

In our judgment, the allegations of the instant petition are not the proper subject of a *habeas corpus* action. More specifically we hold that the subsequent acts, omissions or events referred to in section 22 do not include the type of conduct alleged here; namely, the failure of the circuit court of McDonough County to process, and take action upon, his post-conviction petition. If such allegations were true, the petitioner's proper remedy would be a *mandamus* action. Parenthetically, we note, however, that petitioner now has pending in our court as Docket No. 41732 an appeal from the circuit court of McDonough County involving proceedings had in connection with his post-conviction petition.

In any event, the judgment of the circuit court of Randolph County dismissing the *habeas corpus* petition is affirmed.

*Judgment affirmed.*