THE PEOPLE *ex rel.* GERALD DANIEL WALKER, Petitioner-Appellant, *v.* JOHN J. TWOMEY, Warden, Illinois State Penitentiary, Respondent-Appellee.

(No. 72-118;

Second District—January 16, 1973.

John T. Perry, of Vescelus, Perry & Pollard, of Wheaton, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan, (Dudley E. Owens, Assistant State's Attorney, of counsel.) for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Gerald Daniel Walker petitioned the circuit court of Lake County for a writ of *habeas corpus*, seeking his discharge from Statesville Penitentiary. He appeals from the denial of the writ, contending that the circuit court of Lake County did not afford him effective assistance of counsel in the preparation and presentation of his *pro se* post-conviction petition, and denied him an appeal from the order which dismissed the post-conviction petition.

The petition for writ of *habeas corpus*, as amended, states in substance that petitioner filed a petition for post-conviction relief from his convictions of attempted murder and aggravated battery upon which concurrent sentences were imposed on December 4, 1969. The matter came on for hearing on February 5, 1970, at which time the court appointed an attorney to represent petitioner. The attorney informed the court that he had neither read nor knew the contents of the petition and was unprepared to represent petitioner. The court ignored counsel's statements and sustained the State's motion to dismiss without an evidentiary hearing. The appointed attorney filed no notice of appeal from the denial. He did not inform defendant of the denial of the post-conviction petition. The circuit clerk of Lake County failed to notify petitioner of the entry of the order and failed to give him notice of his right to appeal, pursuant to Supreme Court Rule 651(b). (Ill. Rev. Stat. 1969, ch. 110A, par. 651(b).) Petitioner further states that the first notice of the court's decision was in a letter from the trial court judge which he received on March 12, 1970, and that he mailed a notice of appeal the same day. (It was later revealed that there apparently is no record of such notice in the circuit clerk's office of Lake County.)

Thereafter, petitioner filed a motion for leave to file a petition for writ of *mandamus* in the Illinois Supreme Court to have the February 5, 1970 post-conviction petition dismissal order vacated. On October 7, 1970, the motion for leave to file the petition was denied.

In upholding the State's motion to dismiss the petition for the writ of *habeas corpus*, the trial court held that *habeas corpus* could not be used as a substitute for an appeal; and that the court having had jurisdiction when the defendant was convicted, its judgment was not void, but could be corrected by appeal, if erroneous.

█ █ We hold that the *habeas corpus* petition was properly dismissed. The Habeas Corpus Act (Ill. Rev. Stat. 1971, ch. 65, par. 1 *et seq.*, par.

22(2) )), allows relief for some act, omission, or event which has taken place following lawful imprisonment which entitles the petitioner to discharge. The allegations that a fair hearing with effective counsel on his petition for post-conviction relief was denied, coupled with a claim of denial of the ability to review such judgment, do not state acts, omissions or events which would entitle the petitioner to discharge by writ of *habeas corpus*. The remedy of *habeas corpus* is not available to review errors which only render the judgment voidable and are of a nonjurisdictional nature even though a claim of a denial of constitutional rights is involved. (*People ex rel. Lewis v. Frye* (1969), 42 Ill.2d 311, 313; *People ex rel. Shelley v. Frye* (1969), 42 Ill.2d 263, 264.) A claim of denial of the constitutional right to counsel cannot be determined on a writ of *habeas corpus*. (*People ex rel. Skinner v. Randolph* (1966), 35 Ill.2d 589, 590; *People ex rel. Rose v. Randolph* (1965), 33 Ill.2d 453, 456-7; *People ex rel. Lewis v. Frye* (1969), 42 Ill.2d 58, 59.) The failure of a circuit court to process and take action upon a post-conviction petition has also been held not to be a subsequent act, omission or event referred to in section 22, with the result that the petitioner's proper remedy would be *mandamus* rather than *habeas corpus*. *People ex rel. Cook v. Frye* (1969), 42 Ill.2d 270, 271.

■■ Petitioner concedes that under ordinary circumstances the rule in *People ex rel. Cook v. Frye* (1969), 42 Ill.2d 270, would require that *mandamus* be utilized as an appropriate remedy rather than *habeas corpus* where the contentions raised concern the denial of substantive rights afforded under the Illinois Post-Conviction Hearing Act. He seeks to distinguish the rule as applicable here because he did apply to the Illinois Supreme Court for a writ of *mandamus*, and while the court granted leave to file the motion for leave to file *mandamus* petition, it denied the motion with leave to withdraw the petition if requested. However, the *mandamus* action only sought to vacate the order dismissing the post-conviction petition. It did not refer to or ask for relief from the alleged denial of appeal. While the basis for the Supreme Court's order does not appear in the record, it is clear that *mandamus* cannot be used to serve the function of an ordinary appeal. (*People ex rel. Castle v. Spivey* (1957), 10 Ill.2d 586, 591.) Moreover, the State has agreed that it will not object to a review of the post-conviction dismissal order even at this time and had also so agreed in the proceedings below.

■■ While, in our view, none of the arguments which petitioner has raised would entitle him to relief in the nature of *habeas corpus*, it is also clear from the record that fundamental fairness requires that he be permitted to effectively present in a judicial proceeding his constitutional

claim of incompetent trial counsel. Although a direct appeal of petitioner's conviction is now pending in the Illinois Supreme Court and incompetence of counsel is alleged there, review of the incompetency issue will be limited to the record before the Supreme Court. Petitioner claims that an evidentiary hearing, as available in post-conviction proceedings, is necessary to establish the basis of his claim which is based upon alleged facts not in the record. This court has suggested during oral argument that the petitioner be permitted to file a second post-conviction petition and to proceed thereon since it appears from the record, and the State acknowledges, that an appeal from the dismissal of the first post-conviction petition would likely result in a reversal.[1] The State has acknowledged the propriety of a second post-conviction petition and agrees that it would not object to this procedure. On the record before us, we would consider it inappropriate to bar a second post-conviction petition on grounds of *res judicata*. (See *People v. Core* (1971), 48 Ill.2d 544; *People v. Raymond* (1969), 42 Ill.2d 564.) The suggested procedure will afford the petitioner fundamental fairness by permitting him to have his day in court on the merits, if any, of his claims of incompetency of counsel.

The judgment below is affirmed.

ABRAHAMSON and T. MORAN, JJ., concur.

---

[1] E.g. The provisions of Rule 651(c) (Ill. Rev. Stat. 1971, ch. 110A, par. 651(c)) requiring consultation between the attorney appointed on post-conviction and the defendant were not followed. Moreover, the attorney appointed at the post-conviction hearing was one who was alleged incompetent at the trial.