THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* L. C. HEADY, Defendant-Appellant.

(No. 71-331;

Fifth District—April 18, 1974.

Robert E. Farrell, Deputy Defender, of Mt. Vernon (Richard E. Cunningham, Assistant Appellate Defender, and Garrett C. Reuter, Senior Law Student, of counsel), for appellant.

Byron L. Connell, State's Attorney, of Mound City (Ralph J. Mendelsohn and Darrel L. Conley, both of State's Attorney's Support Unit, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from orders of the circuit court of Pulaski County denying defendant's petition for a writ of habeas corpus and an amended post-conviction petition after an evidentiary hearing.

The defendant was charged with the offense of murder, and pleaded guilty on an information, after waiving indictment, and was sentenced to 14 to 20 years in the penitentiary. The defendant subsequently filed a petition seeking habeas corpus relief, which was denied. The defendant then filed the amended post-conviction petition. Separate appeals from each order have been perfected, and the causes consolidated in this court.

The defendant contends that the trial judge, in attempting to explain the right to a grand jury indictment, misstated the voting procedures of the grand jury and therefore the subsequent grand jury waiver was not knowingly and understandingly made.

 The State correctly maintains that mere errors or irregularities which only render the proceeding voidable are not of a jurisdictional nature. (*People ex rel. Skinner v. Randolph*, 35 Ill.2d 589, 221 N.E.2d 279.) Habeas corpus relief has been denied, therefore, in a variety of situations even though a denial of constitutional rights has been involved. (*People ex rel. Walker v. Twomey*, 9 Ill.App.3d 544, 291 N.E.2d 833.) However, before the trial court can assume jurisdiction to try the defendant by information such defendant must waive his right to indictment by the grand jury. To be valid, such waiver must be knowingly and understandingly made. See Ill. Rev. Stat., ch. 38, par. 111—2(a).

In the instant case the court explained to the defendant that he had the right to be prosecuted by a grand jury indictment unless he knowingly and understandingly waived that right. During the court's explanation, the following colloquy occurred:

> "The Court: It is important that you understand, then you will know and understand what we are saying here. Let me go into this Grand Jury business. When your [*sic*] brought in on a charge like this you have a right to a grand jury consisting of 23 people or

16 of whom may hear the evidence against you. Twelve of these men may file a true bill against you, if there's evidence sufficient. You see the State's Attorney would present to these people any evidence he may have with relation to this charge which might sustain this charge against you. If however, on the other hand he presented this evidence and 12 of the Grand Jurors vote in your favor there would be no true bill, and in that case there would be no prosecution on this charge. If they found for the State then they would return a true bill and there would be an indictment charge filed.

Do you understand up to this point what I'm talking about?

The Defendant: Yes, I think so.

The Court: You understand what a grand jury is all about. That's a right you have and only you can waive it.

What is your desire in this matter, do you wish to have a grand jury, or are you willing for the Court to proceed on this complaint? Do you wish to waive that right?

The Defendant: Yes, I wish to waive the right to be indicted by grand jury.

The Court: Mr. Heady, do you have any questions this far?

The Defendant: No sir."

The defendant interprets the court's explanation of grand jury proceedings as implying that 12 grand jurors would have to vote in defendant's favor for the grand jury not to return a true bill. That interpretation is contrary to section 112—4(c) of the Code of Criminal Procedure (Ill. Rev. Stat., ch. 38, par. 112—4(c)), and, according to the defendant, rendered the grand jury waiver void.

We find no merit in this contention. A reading of the entire statement by the trial judge reveals that the defendant was not told that less than 12 grand jurors could indict him. In fact, part of the court's explanation to the defendant was:

"When your [sic] brought in on a charge like this you have a right to a grand jury consisting of 23 people or 16 of whom may hear the evidence against you. *Twelve of these men may file a true bill against you,* if there's sufficient evidence." (Emphasis added.)

The court correctly stated that it would require the vote of 12 grand jurors to indict the defendant whether the grand jury consisted of 23 or 16 people. The defendant was represented by counsel, but he personally and positively stated that he wished to waive indictment after the explanation, and personally stated he had no questions, before signing a waiver. At arraignment, before he was represented by counsel, he was told by the court that he must be indicted before he could be tried unless

he voluntarily waived that right. He said that he understood. He had subsequently requested a preliminary hearing, which he then waived, and was bound over.

We conclude that the trial court did not misadvise defendant and that defendant's waiver of indictment by the grand jury was knowingly and understandingly made. Therefore, the trial court did have jurisdiction to try the defendant by information and the post-conviction relief and writ requested were properly denied.

Affirmed.

G. MORAN, P. J., and CREBS, J., concur.