THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT GASTON, Defendant-Appellant.

First District (2nd Division)   No. 83—774

Opinion filed June 19, 1984.

James J. Doherty, Public Defender, of Chicago (Donna Hickstein-Foley, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Jane E. Liechty, and Pamela Martin, Assistant State's Attorneys, of counsel), for the People.

JUSTICE STAMOS delivered the opinion of the court:

After a jury trial, the defendant was found guilty of armed robbery and home invasion, and sentenced to concurrent terms of 25 years in the Department of Corrections. On appeal, he contends both that he was not proved guilty beyond a reasonable doubt of either offense, and that he was denied his constitutional right to a fair trial, where failure to question all the prospective jurors as to their associations with the police department enabled one man who worked part-time as a police officer to be named as the jury foreman.

At the trial itself, the crux of the State's case was the testimony of four eyewitnesses, who testified that the defendant, who had a handgun, and two other armed men entered an apartment in Chicago and took money, a gun, jewelry, a bag of marijuana, and several other items. One of the victims was struck in the face with a pistol; the robbery lasted about 15 minutes. When one of the victims happened to see the defendant in traffic court about a month later, he pointed him out to a police officer. The defendant ran out of the courtroom but was apprehended. He was then identified by two of the other victims in a lineup that afternoon. An alibi witness stated that on the night in question, he and the defendant bought marijuana from one of the victims, but that no robbery occurred while he was there. However, the victim who had seen the defendant in traffic court testified that the alibi witness for the defendant offered to return some of his property if he would not press charges.

Before trial, during jury selection, the trial judge had examined nearly 40 prospective jurors, asking about two-thirds if they had any close family members or friends affiliated with police work or police officers, questioning several about part-time work, and even asking two whether they had worked as part-time police officers, and whether such affiliations might bias them. Although the prospective juror in question, who eventually was chosen and named foreman, was not specifically interrogated on this point, when he was asked his occupation he responded only that he was an engineering assistant for Commonwealth Edison, and made no mention of his employment with a suburban police department. He stated that he felt he could give the

defendant a fair trial.

During *voir dire*, defense counsel did not object to the judge's failure to uniformly question all the jurors for possible bias or supplement the trial judge's questioning along these lines. While both counsel and the judge recessed several times in the course of jury selection, defense counsel did not object to this juror's being chosen.

However, in a post-trial motion for a new trial that also raised a number of other issues, defense counsel asserted that several days after the jury rendered its verdict he had discovered that the jury foreman was a part-time suburban police officer who had arrested people, usually for traffic violations. After reviewing defense counsel's affidavit to this effect and hearing argument, the trial judge concluded that the juror was not "terribly biased" and denied the motion for a new trial. He noted in particular that the affidavit gave no information about the juror's duties or length of employment as a police officer, and that the juror did not disclose his part-time status as a police officer because he was not asked about this point.

■■ Initially, we find that there was sufficient evidence to support the jury verdict that the defendant was proved guilty beyond a reasonable doubt. Here, four eyewitnesses identified the defendant at trial. They testified clearly and consistently as to the details of the crime. When one of the victims pointed out the defendant to a police officer about a month later, the defendant immediately raced out of the courtroom. Soon after he was captured, two of the other victims also identified him. Although the defendant points to minor inconsistencies in the investigating police officer's and the victim's accounts, the absence of the defendant's fingerprints at the apartment, and one victim's tentative lineup identification, we find that the victims' testimony and identifications, as well as the defendant's flight, were sufficient evidence to support the jury verdict of guilt beyond a reasonable doubt. See *People v. Montgomery* (1981), 93 Ill. App. 3d 498, 417 N.E.2d 686.

■■ Next, we consider the question of whether the presence on the jury, as foreman, of a man employed as a part-time police officer denied the defendant his constitutional right to a fair trial.

Initially, we must state that contrary to the defendant's assertion, the status of a juror as a part-time police officer or employee does not in itself require the conclusion that the juror was so biased as to necessitate a new trial. Although it is true that police officers are statutorily exempted from jury duty in this State (Ill. Rev. Stat. 1981, ch. 78, par. 4), and statutory law provides that a juror may not be "exempt" (Ill. Rev. Stat. 1981, ch. 78, par. 2), exemption is clearly differ-

ent than disqualification in its rationale; also exempted from jury duty in this State are such diverse groups as newspapermen, attorneys and doctors, Christian Science Practitioners, coroners and the Governor of the State. Clearly, mere inclusion in this statutory scheme does not indicate bias, as the defendant suggests. (See also *North Chicago Electric Ry. Co. v. Moosman* (1899), 82 Ill. App. 172.) In addition, the case law does not support a conclusion that mere status as a police officer is automatic grounds for dismissal as a juror. Initially, we note that although there is some support for the general proposition advanced by the defendant, more recent authority suggests instead that courts throughout the country are tending to reject a *per se* disqualification rule, and instead are inquiring more into whether an individual juror was in fact biased. (See, *e.g., United States v. Kelton* (8th Cir. 1975), 518 F.2d 531; *State v. McIntyre* (La. 1978), 365 So. 2d 1348; *Depree v. State* (1980), 246 Ga. 240, 271 S.E.2d 155; *Commonwealth v. Fletcher* (1976), 245 Pa. Super. 84, 369 A.2d 307; 47 Am. Jur. 2d *Jury* secs. 265-66, 313-38.) While we are not aware of any Illinois appellate case which has ruled on this precise issue, our research indicates that the critical issue in such a case is whether a juror is biased in fact. (See *People v. Cole* (1973), 54 Ill. 2d 401, 298 N.E.2d 705; *People v. Witte* (1983), 115 Ill. App. 3d 20, 449 N.E.2d 966; *People v. Hunt* (1983), 112 Ill. App. 3d 138, 445 N.E.2d 408.) Similarly, the United States Supreme Court's recent split holding on this general point of law in a related context again suggests that the crucial concern is whether the defendant could prove actual bias in a post-trial hearing. See *Smith v. Phillips* (1982), 455 U.S. 209, 71 L. Ed. 2d 78, 102 S. Ct. 940 (O'Connor, J., concurring).

In this particular case, as the State correctly points out, the defendant had opportunities during *voir dire* to supplement the trial judge's questions to the prospective jurors; he also was alerted to the question of police-related bias by the judge's pattern of questioning. Further, his post-trial affidavit did not enumerate in detail the length of the juror's employment or the scope of his duties, or explain how the juror was specifically biased in determining this particular defendant's guilt or innocence of these particular offenses because of his duties as a part-time police officer, although it is possible that the juror simply refused to provide this information. In addition, it must be recognized that the testimony of the arresting police officer, though relevant, was not the crux of the case against the defendant; the alleged offense was not directed at a police officer; and the juror in question was a part-time police officer in the suburbs, while the crime took place in Chicago.

Nevertheless, as both parties properly agree, a defendant's right to trial by a fair and impartial jury is a constitutional cornerstone of our judicial system. This right should be guarded zealously; neither a trial judge's inadvertent omissions nor a juror's failure to divulge possibly pertinent information nor a trial attorney's laxness can be allowed to impair this fundamental right. Here, the juror's failure to disclose his employment with the police department under circumstances where it would have been natural to volunteer that information raises some question as to his motivation. The trial judge's statement here that the juror—especially a juror who acted as jury foreman, and so may have had disproportionate influence with his fellow jurors  (see *People v. Witte* (1983), 115 Ill. App. 3d 20, 449 N.E.2d 966)—was not "terribly biased," indicates that the judge himself had some doubt about whether the juror was in fact wholly unbiased. And the abbreviated hearing on the defendant's motion for a new trial could not be considered a meaningful inquiry, where no testimony was heard on allegations which might have shed light on the juror's actual prejudice. Accordingly, we vacate the judgment and remand the case to the trial court for an evidentiary hearing, where the juror may be questioned in person or an affidavit detailing his involvement with police work may be evaluated, to determine whether he was in fact so biased that a new trial would be necessary. See *Smith v. Phillips* (1982), 455 U.S. 209, 71 L. Ed. 2d 78, 102 S. Ct. 940; *People v. Witte* (1983), 115 Ill. App. 3d 20, 449 N.E.2d 966; *People v. Hunt* (1983), 112 Ill. App. 3d 138, 445 N.E.2d 408.

However, we find no merit in the defendant's other claim of reversible error. Therefore, in the event that even after a proper hearing the trial court does not determine that the defendant is entitled to a new trial because of juror prejudice, the conviction and sentence will be reinstated; otherwise, the defendant must be afforded a new trial. See *People v. Witte* (1983), 115 Ill. App. 3d 20, 449 N.E.2d 966.

In the event that the hearing is resolved against the defendant, pursuant to *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194, we grant the State's request that the defendant be assessed $50 as costs for the State's defending this appeal, and incorporate it as part of the judgment.

Vacated and remanded with directions.

HARTMAN, P.J., and DOWNING, J., concur.