THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GARY L. JONES, Defendant-Appellant.

Fourth District No. 4—87—0164

Opinion filed November 5, 1987.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

On August 19, 1986, the circuit court of Sangamon County entered judgment on jury verdicts finding defendant guilty of four counts of murder and one count of armed robbery. On January 20, 1987, the court sentenced defendant to a single term of life imprisonment. Defendant has appealed, contending that the court erred: (1) in permitting the State to amend the armed robbery count prior to trial;

(2) in allowing the State, over defense objection, to present evidence of defendant's conduct at the time of arrest as being flight or concealment indicating consciousness of guilt on defendant's part; and (3) in denying defendant's motion to excuse a juror for cause. We affirm.

The count of the indictment alleging armed robbery states that the defendant had committed that offense by taking currency and cocaine from the presence of another while armed with a dangerous weapon. It made no statement that the taking was committed by the use of force or threat of imminent force, which is a necessary element of the robbery aspect of the offense of armed robbery (Ill. Rev. Stat. 1985, ch. 38, pars. 18—1, 18—2). Upon motion by the State and without objection by the defendant, the court permitted the State to amend the count by adding that defendant had acted "by the use of force."

The type of defects in a criminal charge which may be corrected by amendment are set forth in section 111—5 of the Code of Criminal Procedure of 1963, which states:

> "Formal Defects in a Charge. An indictment, information or complaint which charges the commission of an offense in accordance with Section 111—3 of this Code shall not be dismissed and may be amended on motion by the State's Attorney or defendant at any time because of formal defects, including:
>
> (a) Any miswriting, misspelling or grammatical error;
>
> (b) Any misjoinder of the parties defendant;
>
> (c) Any misjoinder of the offense charged;
>
> (d) The presence of any unnecessary allegation;
>
> (e) The failure to negative any exception, any excuse or proviso contained in the statute defining the offense; or
>
> (f) The use of alternative or disjunctive allegations as to the acts, means, intents or results charged." Ill. Rev. Stat. 1985, ch. 38, par. 111—5.

In *People v. Betts* (1979), 78 Ill. App. 3d 200, 397 N.E.2d 106, the appellate court held the circuit court had erred in permitting amendment to an indictment, over defense objection, to change the offense charged from illegal delivery of a controlled substance—narcotic drug (Ill. Rev. Stat. 1973, ch. 56½, par. 1401(b)) to illegal delivery of a controlled substance—nonnarcotic drug (Ill. Rev. Stat. 1973, ch. 56½, par. 1401(c)). On the other hand, in *People v. Kincaid* (1981), 87 Ill. 2d 107, 429 N.E.2d 508, the supreme court held that no error occurred when the circuit court permitted the State, over defense objection, to amend an information purporting to charge the offense of indecent liberties with a child (Ill. Rev. Stat. 1977, ch. 38, par. 11—4). The

amendment added the element of the offense concerning the age of the victim.

The *Kincaid* court pointed out that greater liberality was permitted in making amendments to informations than to indictments. That court also noted that the standard of review as to the sufficiency of a criminal charge set forth in *People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437, was not applicable because there the defendant "raise[d] the error for the first time on review." (*People v. Kincaid* (1981), 87 Ill. 2d 107, 122, 429 N.E.2d 508, 514.) The *Kincaid* court implied their ruling might have been different had the defendant raised an objection at the trial level. Here, defendant raised no objection at the trial level as to the amendment or as to the sufficiency of the charge without amendment.

In *Pujoue*, the court set forth the following rule: "[w]hen attacked for the first time on appeal a complaint is sufficient if it apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct." (*People v. Pujoue* (1975), 61 Ill. 2d 335, 339, 335 N.E.2d 437, 440.) There, the State filed a complaint stating that it charged the defendant with commission of the offense of unlawful use of weapons. The complaint contained a detailed description of the firearm and the date and place the crime occurred. In addition to an accurate statutory citation, the complaint also included most elements of that crime. However, it failed to include an element that the gun defendant carried was loaded. Even so, the court found the omission had not prejudiced defendant's defense. Also, the complaint was sufficient to bar later prosecution for the same crime.

■■ Here, as in *Pujoue*, the charge failed to include a necessary element of the offense. However, the count did state it was charging armed robbery. As in *Pujoue*, it set forth all of the necessary elements of the offense except the omitted one and was clearly sufficient to establish a double jeopardy defense to another charge for the same offense. Thus, as no objection was made by defendant in the circuit court as to the sufficiency of the underlying charge, under precedent of *Pujoue*, the charge here would have been sufficient to support the armed robbery conviction even without amendment. Accordingly, we find no reversible error to have resulted when the court permitted amendment without objection, even if the allowance of the amendment, as being one of substance rather than form, would have been error if objection was made in the circuit court.

■■ ■ Defendant asserts that, if any error in permitting the

amendment was waived by his trial counsel's failure to object to the amendment, he was denied his constitutional right to effective assistance of counsel. (*Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052.) However, from a practical standpoint, defendant was not prejudiced by any insufficiency in the indictment. As we have previously stated, the indictment was adequate to advise defendant of the charges against him and was a sufficient basis for a subsequent plea of double jeopardy. Had defendant's trial counsel objected to the amendment, the State may well have reindicted defendant. The failure to object may have been a trial tactic of the defense, done for the purpose of permitting a substantial legal question to be raised. A reasonable trial tactic which fails does not constitute incompetence of counsel. *People v. Greer* (1980), 79 Ill. 2d 103, 402 N.E.2d 203; *People v. Skorusa* (1973), 55 Ill. 2d 577, 304 N.E.2d 630.

Determination of whether the circuit court erred in admitting evidence of defendant's conduct at the time of his arrest requires a brief summary of the evidence. Michelle Lawson testified she was present at the home of the father of Lonnie Davis in Springfield on the evening of June 12, 1985, purchasing some marijuana. She further testified that she heard a doorbell ring and heard a voice, which she recognized as that of defendant, demanding to be let in the house. She stated she then heard gunshots, ran to the basement to hide and heard more gunshots. According to Lawson, she then heard defendant talking to James Ashford, indicating that they should leave immediately, whereupon she went upstairs, where she found the bodies of Lonnie Davis, Bernard Bowen, Janetta Leaks, and Helen Singleton. Lawson also testified that she had seen a bag of white substance and stacks of money on an upstairs table earlier but that she did not notice those items when she returned upstairs.

Other testimony at trial indicated defendant and Ashford went to the home of Anthony and Greg Phillips the night of June 12, 1985, and told the Phillips brothers about the "shootout" that had occurred at the Davis residence. Both Anthony and Greg Phillips testified they observed a large bag of white substance Ashford had in his possession that evening. Greg Phillips also stated Ashford paid him to get rid of a bag containing two guns. The evidence established all four murder victims died of gunshot wounds.

■■ Defendant's claim of error in the admission of evidence concerned the testimony of Illinois State Police Agent Wayne Watson. He testified over defense objection that on June 16, 1985, four days after the four victims were killed, he was taken by another agent to a house near Morrisonville in Christian County for the purpose of

searching that house. He stated he found defendant hiding in an attic in that house and arrested him. On cross-examination, Watson stated other officers had advised him that warrants were out for defendant for charges unrelated to the offense for which this case was prosecuted, and he arrested defendant for those charges. The State contends the evidence of defendant's hiding was admissible as conduct constituting an admission bearing upon guilt because it showed a consciousness of guilt. (M. Graham, Cleary & Graham's Handbook of Illinois Evidence sec. 801.3, at 514 (4th ed. 1984).) The defendant admits to the existence of a general rule that conduct of an accused in fleeing or hiding from law enforcement officers is admissible for that purpose but maintains that it is not admissible when the evidence indicates that the accused is hiding or fleeing because of fear of apprehension for another offense.

In *People v. Harris* (1972), 52 Ill. 2d 558, 288 N.E.2d 385, evidence indicated that the police officers observed the accused traveling at a high rate of speed. The officers chased and tried to stop him but could not do so until the accused ran into a tree. The evidence showed the accused was found with narcotic paraphernalia and heroin. He was tried and convicted of offenses arising from possession of those items. Defendant offered no evidence as to why he was fleeing. On appeal he contended the court erred in permitting testimony of his flight because he was fleeing due to fear of arrest on charges for an armed robbery and that the flight did not indicate a guilty conscience as to the narcotic offenses. The supreme court held that, because there was no evidence defendant fled for any reason other than fear of the narcotic charges, the evidence was properly admitted to show defendant's guilty conscience as to the charged offenses.

In *People v. Day* (1979), 76 Ill. App. 3d 571, 394 N.E.2d 1378, evidence was presented that a defendant on trial for murder had been arrested after speeding away from police while driving a stolen car. Although the evidence there showed the defendant knew the police had reason to seek him on other charges, the court concluded evidence of that defendant's flight was admissible. The court also held that the evidence of defendant's knowledge of the existence of other charges could be considered in regard to the weight to be given as to the evidence of flight. However, evidence in regard to the other charges did not render the testimony inadmissible.

Here, the evidence showed defendant had other charges pending against him, but no showing was made that he knew of the pendency of those charges. Accordingly, the testimony was properly admitted.

■ Defendant's final contention is the court erroneously denied

his challenge for cause as to a prospective juror who stated on *voir dire* she had been a deputy sheriff in Indiana from 1974 to 1975. This juror was later selected as foreman. The mere fact that a person has been a police officer or even the fact that the person is presently serving in that capacity is not enough to require allowance of a challenge for cause.

Rather, the issue is whether the person is in fact biased considering all the circumstances. (*People v. Gaston* (1984), 125 Ill. App. 3d 7, 465 N.E.2d 631.) The juror in question here testified she would not let the past employment bias her. Her place of service in Indiana was remote from Sangamon County, where the instant offense occurred. The refusal to allow a challenge of a juror for cause will not be overturned on review unless the decision is contrary to the manifest weight of the evidence. (*People v. Cole* (1973), 54 Ill. 2d 401, 298 N.E.2d 705.) The decision was not contrary to the manifest weight of the evidence here.

We affirm for the reasons stated.

Affirmed.

McCULLOUGH and LUND, JJ., concur.