**UNITED STATES of America ex rel. Robert GASTON, Petitioner,**

v.

**Jerry GILMORE, Respondent.**

**No. 90 C 05926.**

United States District Court, N.D. Illinois, E.D.

March 15, 1991.

---

Robert Gaston, pro se.

Richard S. London, Terence Madsen, Illinois Atty. General's Office, Criminal Appeals Div., Chicago, Ill., for respondent.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

An Illinois criminal trial court convicted petitioner Robert Gaston of armed robbery and home invasion in March 1983. We have before us now both Gaston's habeas corpus petition and respondent Jerry Gilmore's motion to dismiss the petition for failure to exhaust state court remedies. For the reasons set forth below, we grant Gilmore's motion and dismiss the petition.

The Illinois Appellate Court vacated and remanded Gaston's 1983 conviction. *See*

*People v. Gaston,* 125 Ill.App.3d 7, 11, 80 Ill.Dec. 519, 523, 465 N.E.2d 631, 635 (1st Dist.1984), *cert. denied,* 469 U.S. 1221, 105 S.Ct. 1209, 84 L.Ed.2d 351 (1985). It directed the trial court to conduct an evidentiary hearing regarding the possible bias on the part of the jury foreman. *Id.* at 11, 80 Ill.Dec. at 522, 465 N.E.2d at 634. On remand, the trial court conducted the hearing and reinstated the conviction and sentence. Gaston's public defender filed a notice of appeal in September 1985, which appeal was dismissed on June 22, 1987 for want of prosecution. Gaston filed his federal habeas petition on October 11, 1990.

Gilmore argues that Gaston has failed to exhaust his available state remedies, and that because the state court system offers Gaston a potential remedy, we must refrain from exercising our habeas jurisdiction. *See Perry v. Fairman,* 702 F.2d 119, 120 (7th Cir.1983).

It is, of course, axiomatic that federal habeas consideration is premature when state courts have not had a full and fair opportunity to review a petitioner's constitutional claims. 28 U.S.C. § 2254(b), (c); *see also United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1131–32 (7th Cir.1990) (citing *Picard v. Connor,* 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971)). Available state remedies have been exhausted when they have been presented to the highest state court for a ruling on the merits of the claim, or when state remedies are no longer available to the petitioner. *Id.* at 1132 (citation omitted).

Reading Gaston's *pro se* papers here as broadly as is reasonable, we believe that his essential contention is that the failure of the public defender to file an appellate brief (or otherwise adequately represent him) abridged his right to appeal.[1] This would appear to be a classic ineffective assistance of counsel argument. When a petitioner "has failed to raise an issue on direct appeal because he has been

---

1. Gilmore seems to think that Gaston also alleges that the state abridged his rights by not appointing counsel to represent him on appeal. To the extent that this is accurate, it would indeed appear that a mandamus action would be appropriate prior to a habeas petition. *See*

*People ex rel. Cook v. Frye,* 42 Ill.2d 270, 271, 246 N.E.2d 254, 255 (1969) (mandamus action proper remedy where state court's inaction delays execution of appeal). As discussed in the text of this opinion, however, we believe Gaston's primary argument lies elsewhere. *See, e.g., Ga-*

deprived of 'competent counsel on appeal,' the [Illinois] Post–Conviction Hearing Act is still an available vehicle for reviewing that issue." *United States ex rel. Milone v. Camp,* 643 F.Supp. 679, 682–83 (N.D.Ill. 1986) (citing *People v. Frank,* 48 Ill.2d 500, 272 N.E.2d 25, 27 (1971)). Like the *Camp* court, we assume for purposes of the motion to dismiss that petitioner's allegation of incompetence is true; thus, Gaston will

come squarely within the "fundamental fairness" exception to the res judicata-waiver rule as articulated in *People v. Frank, supra.* Under that exception, the post-conviction courts ... will consider [the] merits [of petitioner's constitutional claims] because Illinois law does not charge a prisoner with waiver of claims not raised on appeal when, as alleged here, that failure was due to ineffective counsel.... [Petitioner] must apply to the Illinois post-conviction courts before he is entitled to seek relief from a federal district court....

*Id.* at 683.

Gilmore's motion to dismiss Gaston's federal habeas corpus petition for failure to exhaust state remedies is granted. It is so ordered.

ston's Motion to Rule on the Merits at 3 (petitioner's appeal dismissed for want of prosecu-

tion "even though he was supposed to have had a court appointed counsel").