Docket No. 83279–Agenda 22–May 1999.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JULIUS S. KUNTU, Appellant.

Opinion filed October 21, 1999.

JUSTICE RATHJE delivered the opinion of the court:

Defendant, Julius Kuntu, was charged with 28 counts of first degree murder (720 ILCS 5/9–1(a)(2), (a)(3) (West 1998)), 14 counts of aggravated arson (720 ILCS 5/20–1.1(a) (West 1998)), and 1 count of arson (720 ILCS 5/20–1 (West 1998)). Subsequently, the State nol-prossed 14 counts of first degree murder, 11 counts of aggravated arson, and the arson count. A jury convicted defendant of seven counts of first degree murder and one count of aggravated arson. The same jury found that there were no mitigating factors sufficient to preclude a sentence of death, and the trial court sentenced defendant to death. Defendant’s execution has been stayed pending direct review by this court. Ill. Const. 1970, art. VI, §4(b); 134 Ill. 2d Rs. 603, 609(a).

On appeal, defendant raises numerous allegations of error arising during his trial and sentencing hearings. However, we need only address defendant’s first contention of error: whether the cause should be remanded for an evidentiary hearing to determine the relationship between the jury foreman and Cook County State’s Attorney Richard Devine.

The basis for this argument arises from a letter written by attorney Paul Kosin, the jury foreman, to State’s Attorney Devine. Defendant asserts that this letter reveals the possibility of a relationship between Kosin and State’s Attorney Devine that Kosin failed to reveal during 
voir dire
.

The letter is written on Kosin’s law firm’s stationery, and the salutation reads “Dear Dick.” Kosin begins by explaining that he has just finished serving as a juror in defendant’s trial. He notes that, because the assistant State’s Attorneys who presented the case had trouble opening evidence cans, Kosin had considered sending, in jest, paint can openers to State’s Attorney Devine to give to the assistant State’s Attorneys. Kosin also explains that he was upset to discover that the assistant State’s Attorneys had given information to the media that was not available to the jury. The two-page letter then concludes, “Once again congratulations on being where I can write this letter to someone I know and please consider a lengthy tenure in office because, if I ever get into a jury selection for a capital crime again, I’m going to tell the judge that you’re my brother.”

Although the letter was written the day after the jury voted to sentence defendant to death, the State did not disclose the letter until one month later, after the trial court had already considered and denied defendant’s post-trial motions. After receiving the letter, defendant asked the court to grant him a new trial based on Kosin’s failure to reveal his relationship with State’s Attorney Devine. The trial court denied defendant’s motion.

Defendant asserts that this letter provides evidence of a personal relationship between Kosin and State’s Attorney Devine. Defendant further contends that, if such a relationship exists, Kosin had a duty to disclose this relationship during 
voir dire
, when he was questioned about his relationships with other attorneys. Because the letter indicates the possibility of a relationship, defendant concludes that this cause must be remanded for an evidentiary hearing to determine if a relationship exists between Kosin and State’s Attorney Devine.

Defendant concedes that, in the trial court, he should have requested an evidentiary hearing. He argues, however, that the letter is sufficient evidence to require the trial court to conduct 
sua sponte
 an evidentiary hearing. The State does not argue that defendant has waived his right to request an evidentiary hearing. Instead, it argues only that, under the facts presented, an evidentiary hearing is not warranted. Because the State does not argue that defendant has waived review of this issue and because we may review errors affecting substantial rights (see 134 Ill. 2d R. 615(a)), we find this to be an appropriate circumstance in which to relax the waiver rule and consider the issue on its merits. See 
People v. Hamilton
, 179 Ill. 2d 319, 323 (1997) (explaining that waiver is a limitation on the parties not on the court).

The right to a jury trial is a fundamental right that guarantees a defendant a trial by a panel of impartial jurors. 
People v. Peeples
, 155 Ill. 2d 422, 462 (1993). The failure to afford a defendant a fair trial “violates even the minimal standards of due process” and requires a reversal. 
People v. Cole
, 54 Ill. 2d 401, 411 (1973). Here, we do not know whether defendant was denied his right to a fair tribunal because we do not know what relationship, if any, exists between Kosin and State’s Attorney Devine. Both defendant and the State agree that the question of whether a hearing is necessary is determined by applying the test set forth in 
People v. Towns
, 157 Ill. 2d 90 (1993). In 
Towns
, this court held that, “[w]here a defendant does not learn of facts which might support a finding of partiality by a juror until after a verdict, a post-trial evidentiary hearing may be necessary.” 
Towns
, 157 Ill. 2d at 102. In order to obtain such a hearing, the defendant must produce “specific, detailed and nonconjectural evidence in support of his position.” 
Towns
, 157 Ill. 2d at 102.

Here, defendant has produced a letter that, on its face, reveals that Kosin not only knows State’s Attorney Devine, but also that he knows him well enough to address him not as “State’s Attorney Devine” or even “Mr. Devine,” but as “Dick.” An additional indication of a personal relationship between the two is Kosin’s statement that he considered sending, in jest, a gift to State’s Attorney Devine. Moreover, the letter demonstrates that Kosin felt comfortable enough to joke that, if he were again called for a capital case, he would tell the judge that he was State’s Attorney Devine’s brother. Finally, and most importantly, Kosin explicitly states that he’s glad that he can write the letter to “someone I know.” Although we acknowledge that these facts do not provide conclusive evidence that Kosin and State’s Attorney Devine have a relationship that prejudiced defendant’s right to a fair trial, we believe that they are sufficiently specific, detailed, and nonconjectural to require the trial court to hold an evidentiary hearing to determine whether such a relationship exists.

We therefore choose to retain jurisdiction over this matter and to remand the cause for an evidentiary hearing at which the trial court shall determine whether a relationship exists between Kosin and State’s Attorney Devine, and, if such a relationship exists, whether that relationship prejudiced defendant’s right to a fair trial. After holding this factual inquiry, the trial court shall transmit to the clerk of this court, within 120 days of this decision, a report of the court’s findings and a record of the proceedings on remand.

In the exercise of this court’s supervisory authority, we retain jurisdiction over this appeal and remand this action to the circuit court of Cook County to conduct a hearing in accordance with the foregoing directions.

Cause remanded with directions;

jurisdiction retained.

CHIEF JUSTICE FREEMAN, specially concurring:

I agree that the matter must be remanded to the circuit court for an evidentiary hearing concerning the nature of the relationship, if any, between the jury foreman and State’s Attorney Richard Devine. I write separately because I believe that the court’s discussion of waiver is unnecessarily confusing.

Defendant concedes in his brief that his trial attorney did not specifically ask the circuit court to conduct the evidentiary hearing that he now seeks in this court. Defendant argues that notwithstanding this failure, the circuit court should have ordered the hearing 
sua sponte
. He also asserts that if counsel’s failure to request an evidentiary hearing results in a procedural default of the issue in this court, then his trial attorney rendered him ineffective assistance of counsel with respect to this aspect of the proceedings. In the alternative, he asks this court to review the matter under Supreme Court Rule 615(a).

In responding to this contention, the court states that:

“[t]he State does not argue that defendant has waived his right to request an evidentiary hearing. Instead, it argues only that, under the facts presented, an evidentiary hearing is not warranted. Because the State does not argue that defendant has waived review of this issue and because we may review errors affecting substantial rights (see 134 Ill. 2d R. 615(a)), we find this to be an appropriate circumstance in which to relax the waiver rule and consider the issue on its merits. See 
People v. Hamilton
, 179 Ill. 2d 319, 323 (1997) (explaining that waiver is a limitation on the parties not on the court).” Slip op. at 2.

This treatment is problematic, in my view, because it conflates several distinct bases for reaching the merits. Specifically, it cannot be discerned from this analysis whether the court has chosen to (i) reach the merits because the State has not raised waiver, (ii) excuse the procedural default under our Rule 615(a), (iii) hold the matter not waived pursuant to our decision in 
Hamilton
, or (iv) reach the merits under some combination of these aforementioned three considerations.

The court notes that the State does not argue that defendant has waived this issue. Nevertheless, the court does not expressly hold that, by not making this argument, the State has opened the door for review of the claim on the merits. The court also notes that Rule 615(a) permits review of errors affecting substantial rights, but it does not offer any analysis as to how this error affects a substantial right such that the procedural default is excused. Notwithstanding the references to both the State’s failure to argue and to Rule 615(a), the court concludes its waiver analysis with the citation to 
Hamilton
. 
Hamilton
 states the general proposition that a court of review may overlook a procedural default on two distinct bases. The first basis is that the waiver doctrine serves as a limitation on the parties and not the court; the second basis is that the court can choose to address arguments not raised in order to maintain a sound and uniform body of law. See 
Hamilton
, 179 Ill. 2d at 323. 
Hamilton
 does not speak in terms of Rule 615(a) and therefore cannot serve as support for the court’s earlier reference to Rule 615(a). Nor does 
Hamilton
 support the inference that the court should consider the issue because the State has failed to argue waiver, unless the court is using the case as justification for considering the claim waived despite the State’s failure to so argue.

I find the court’s waiver discussion confusing because the basis upon which the court has “relax[ed] the waiver rule” cannot be identified. Slip op. at 2. If the court is reaching the issue based on the State’s failure to press the procedural default, then the court should expressly say so. Likewise, if the court is reaching the procedurally defaulted claim under Rule 615(a), the court should explicitly so state. I have previously cautioned against the nonchalant invocation of our plain error rule. Neither the term “Rule 615(a)” nor the term “plain error” has “talisman-like effect” to transform claims which have been otherwise procedurally defaulted into claims which are automatically subject to substantive review. See 
People v. Terrell
, 185 Ill. 2d 467, 524 (1998) (Freeman, C.J., specially concurring, joined by McMorrow, J.). Rule 615(a) states that

“[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court.” 134 Ill. 2d R. 615(a).

This court has consistently interpreted Rule 615(a) to allow a court of review to consider substantively an error that has not been properly preserved when (i) the evidence is closely balanced or (ii) the purported error is of such magnitude so as to deny defendant a fair and impartial trial. 
People v. Vargas
, 174 Ill. 2d 355, 363 (1996). As to errors affecting substantial rights, this court has observed that “before plain error can be considered as a means of circumventing the general waiver rule, it must be plainly apparent from the record that an error affecting substantial rights was committed.” 
People v. Precup
, 73 Ill. 2d 7, 17 (1978). Short of a conclusion that an asserted error is a plain one, the plain error doctrine offers no basis to excuse a procedural default. 
People v. Keene
, 169 Ill. 2d 1, 17 (1995). The court today states that it “may review errors affecting substantial rights” (slip op. at 2), but how the error at issue here is one which affects substantial rights such that the procedural default can be excused is not set out within the context of the court’s waiver discussion. Instead, the court cites to a case, 
Hamilton
, that has nothing to do with our plain error rule. If the court wants to utilize 
Hamilton
 to reach the substantive merits of the claim, then it should do so without injecting the plain error rule into its analysis. The considerations which underscore the holding in 
Hamilton
 are very different from those which attend to Rule 615(a), and the court should be careful so as not to suggest that the concepts are interchangeable, when, in fact, they are not.

In my view, the fact that the State has not argued that waiver precludes this court’s review of the issues suggests that we need not consider the procedural bar that might otherwise exist in this case. See 
People v. O’Neal
, 104 Ill. 2d 399, 407 (1984) (noting that principles of waiver apply to the State as well as to defendants in criminal cases); 
People v. Holloway
, 86 Ill. 2d 78, 91 (1981) (same). If the State does not take the position that a waiver has even occurred in this case, then the court would not be obliged to “relax the waiver rule.” In other words, the court would be justified reaching the merits of the claim directly.

Nevertheless, if the court wishes to resolve this issue as it was framed by defendant in his brief, 
i.e.
, that the claim has been procedurally defaulted, then the court should do so in a straightforward analysis. Defendant concedes, and the record establishes, that defense counsel did not ask the court to hold the evidentiary hearing defendant now requests this court to order on direct review. The issue has, therefore, been procedurally defaulted. This court, however, can reach the matter if the error constitutes plain error under Rule 615(a). 
Keene
, 169 Ill. 2d at 10; 
People v. Enoch
, 122 Ill. 2d 176, 190 (1988). As I stated previously, without a conclusion that an asserted error is a plain one, the plain error doctrine offers no basis to excuse a procedural default. 
Keene
, 169 Ill. 2d at 17.

A defendant’s right to a fair and impartial jury is the “constitutional cornerstone of our judicial system.” 
People v. Gaston
, 125 Ill. App. 3d 7, 11 (1984). As the appellate court in 
Gaston
 stated, “[t]his right should be guarded zealously; neither a trial judge’s inadvertent omissions nor a juror’s failure to divulge possibly pertinent information nor a trial attorney’s laxness can be allowed to impair this fundamental right.” 
Gaston
, 125 Ill. App. 3d at 11. In addition, although the United States Supreme Court has recognized that due process does not require a new trial every time a juror is in “a potentially compromising situation,” due process  does require both a jury capable and willing to decide the case on only the basis of the evidence before it, and a “trial judge ever watchful to prevent prejudicial occurrences and to determine the effect of such occurrences when they happen. Such determinations may properly be made at a [post-conviction] hearing.” 
Smith v. Phillips
, 455 U.S. 209, 217, 71 L. Ed. 2d 78, 86, 102 S. Ct. 940, 946 (1982). In this case, the trial judge believed that the letter, in and of itself, did not establish that any relationship existed between the juror and State’s Attorney Devine and that a new trial was not necessary. The letter is a part of the record on review. The letter does not show 
conclusively
 that the two men do not have a friendship. Given both our state decisional law on this subject and that of the United States Supreme Court, in addition to the ambiguous tone of the letter in question, the trial judge should have ordered some type of adjudicative proceeding with respect to this issue, notwithstanding defense counsel’s failure to specifically request one. The right to an impartial trial guarantees defendants the preservation of the opportunity to prove actual bias. See 
Smith
, 455 U.S. at 216, 71 L. Ed. 2d at 86, 102 S. Ct. at 945, quoting 
Dennis v. United States
, 339 U.S. 162, 171-72, 94 L. Ed. 734, 742, 70 S. Ct. 519, 523 (1950). The forum in which the trial judge made his finding–a hearing on the reconsideration of motions for a new trial and for judgment 
n.o.v.–
did not provide defendant with an opportunity for any meaningful inquiry into the relationship in question in order to show bias. Without some evaluation of the juror, whether by affidavit or testimony, the trial judge was unable to conclusively determine whether that juror was in fact so biased that a new trial would be necessary. The lack of this opportunity adversely impacts upon defendant’s right to a fair and impartial jury. For these reasons, the second prong of our plain error rule would justify the court’s excusal of the procedural default in this case.

I believe that the court should clearly express the basis upon which it is addressing defendant’s contention of error. To do otherwise serves only to muddy this area of our jurisprudence. In all other respects, I join in the court’s decision today.

JUSTICE McMORROW joins in this special concurrence.