2019 IL App (1st) 182448-U

FOURTH DIVISION
October 24, 2019

No. 1-18-2448

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE APPELLATE COURT
OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

|  |  |  |
|---|---|---|
| FATOS BRAHIMI and QENDRIM KONGJELI, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | |
| AKINGBADE MOMOH, A & P TRANSPORTATION, INC., and PATRIOT TRANS, INC., | ) ) ) | |
| Defendants-Appellees, | ) ) | |
| _____ | ) | No. 16 L 8835 |
| AKINGBADE MOMOH, | ) ) | |
| Counterplaintiff-Appellee, | ) ) ) | |
| v. | ) ) | |
| FATOS BRAHIMI, | ) ) | |
| Counterdefendant-Appellant. | ) ) ) ) | Honorable Rena M. Van Tine, Judge Presiding. |

_____

JUSTICE REYES delivered the judgment of the court.
Justice Lampkin concurred in the judgment.
Presiding Justice Gordon specially concurred.

**ORDER**

¶ 1    *Held*:   Affirming the judgment of the circuit court of Cook County where plaintiffs failed to present sufficient evidence of juror misrepresentation to warrant an evidentiary hearing.

¶ 2    Plaintiffs Fatos Brahimi (Brahimi) and Qendrim Kongjeli (Kongjeli) (collectively plaintiffs) appeal from a trial court order denying their request for an evidentiary hearing on their posttrial motion for a new trial.  On appeal, plaintiffs contend the trial court erred by declining to hold an evidentiary hearing on their claim of juror misrepresentation.  For the reasons stated herein, we affirm.

¶ 3                              BACKGROUND

¶ 4    Plaintiffs' second amended complaint, the operative complaint in this matter, alleged Brahimi was driving westbound on Randolph Street near Clinton Avenue with Kongjeli in the front passenger seat of the vehicle.  Plaintiffs further alleged Akingbade Momoh (Momoh), an employee of A & P Transportation, Inc. and Patriot Trans, Inc. (collectively defendants) was also driving westbound on Randolph Street when he attempted to turn southbound onto Clinton Avenue and struck plaintiffs' vehicle.  As a result of the collision, plaintiffs suffered injuries and sought more than $50,000.

¶ 5    Defendants raised as an affirmative defense contributory negligence.  In addition, Momoh filed a counter-suit naming Brahimi as a defendant.  Momoh's complaint is not contained in the record.

¶ 6    The matter proceeded to a jury trial wherein plaintiffs presented evidence consistent with their allegations.  Following deliberations, the jury returned a verdict finding Brahimi 50% negligent and declined to award any damages.

¶ 7    Plaintiffs filed a posttrial motion for a new trial, arguing an unidentified female juror

made a false statement during *voir dire* which resulted in prejudice to plaintiffs. Specifically, plaintiffs argued the trial court read to the venire the names of all of the witnesses that would testify at trial, including defendants' medical expert, Dr. Boone Brackett (Dr. Brackett). The trial court then inquired if any member of the venire knew any of the named witnesses, and no potential jurors raised their hand. Plaintiffs later learned that one of the jurors knew Dr. Brackett. Plaintiffs supported their assertion with an affidavit of their counsel, Scott Wolfman (Wolfman), which is not contained in the record on appeal. According to plaintiffs' motion for a new trial, Wolfman averred that following the verdict, he, defense counsel, plaintiffs, and counsel for Brahimi[1] spoke to a juror, referred to in the record as Officer Gonzalez. Officer Gonzalez purportedly related that a fellow, unidentified juror stated she knew Dr. Brackett from the Oak Park area community, knew of his positive reputation and his medical experience in the armed forces, and stated that his word was "the truth."

¶ 8     In response, defendants maintained Wolfman's affidavit was insufficient where Wolfman did not hear the statements of the unidentified juror firsthand and the affidavit presented several layers of hearsay. Defendants further observed that plaintiffs failed to present affidavits of the unidentified juror, Officer Gonzalez, or any other witness to the conversation with Officer Gonzalez. Moreover, defense counsel asserted he was present for a portion of the conversation with Officer Gonzalez and recalled the exchange differently. Defense counsel appended to the response an affidavit averring the contents of the response were true and correct to the best of his knowledge and memory. According to defense counsel, Officer Gonzalez related the unidentified juror knew *of* Dr. Brackett's *practice*, and he did not state any of the jurors (1) knew Dr. Brackett personally, (2) had ever met Dr. Brackett, (3) had ever received treatment from Dr. Brackett, (4) had ever been to Dr. Brackett's office, or (5) thought Dr. Brackett's word was "the

---

[1] Brahimi retained separate counsel as a counter-defendant through his vehicle insurance provider.

truth." He further averred Officer Gonzalez stated some jurors doubted the collision caused the injuries plaintiffs claimed they sustained. Moreover, defense counsel conversed with two additional jurors who related they did not believe the collision caused plaintiffs' injuries. The two jurors did not mention the unidentified juror's alleged comments. Defendants maintained plaintiffs failed to demonstrate prejudice and a new trial therefore was not warranted.

¶ 9     For the first time in their reply plaintiffs requested an evidentiary hearing. While no record of proceedings for the hearing on the motion for a new trial is in the record, the subsequent order entered by the trial court indicates that the matter was argued and plaintiffs' motion was denied in its entirety. The trial court specifically found plaintiffs' claims were insufficient to warrant a new trial. The order did not reference plaintiffs' request for an evidentiary hearing.

¶ 10                                    ANALYSIS

¶ 11    On appeal, plaintiffs raise the singular claim that the trial court erred in failing to hold an evidentiary hearing on their motion for a new trial. They contend an evidentiary hearing was warranted where they sufficiently demonstrated the unidentified juror made a false statement during *voir dire* by failing to disclose her prior familiarity with Dr. Brackett and as a result plaintiffs were prejudiced.[2]

¶ 12    In response, defendants contend plaintiffs' claims were insufficient to warrant a new trial or an evidentiary hearing. Specifically, defendants maintain plaintiffs' evidence of juror misrepresentation is insufficient to demonstrate prejudice as the evidence is improperly based upon multiple layers of hearsay and disputed by defense counsel. Defendants further argue

---

[2] We note that because plaintiffs present no argument on appeal that a new trial is warranted, our review is limited to whether the trial court abused its discretion in declining to order an evidentiary hearing. See *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 23 (an appellant's failure to argue a point in the opening brief results in forfeiture).

generally that plaintiffs provided insufficient evidence of juror misconduct or partiality to warrant an evidentiary hearing.

¶ 13    Prior to addressing the merits of this appeal, we observe that plaintiffs have failed to include in the record on appeal (1) Wolfman's affidavit, upon which their entire claim rests, (2) a transcript, bystander's report, or agreed statement of facts for the *voir dire* proceedings, and (3) a transcript, bystander's report, or agreed statement of facts for the hearing on the motion for a new trial.  See Ill. S. Ct. R. 323 (eff. July 1, 2017).  Moreover, the trial court's written order denying plaintiffs' motion for a new trial is devoid of any reference to plaintiffs' request for an evidentiary hearing.  It is well established that the appellant has the burden to present a sufficiently complete record to support a claim of error.  *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).  "[I]n the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with the law and had a sufficient factual basis.  Any doubts which may arise from the incompleteness of the record will be resolved against the appellant."  *Id*. at 392.

¶ 14    Despite the incompleteness of the record on appeal (and possible forfeiture of their argument), we find plaintiffs' motion for a new trial adequately sets forth the *voir dire* proceeding and the content of Wolfman's affidavit.  Although defendants contest the veracity of Wolfman's affidavit, they do not challenge plaintiffs' recitation of the statements averred therein, nor do they challenge plaintiffs' account of the *voir dire* proceedings.  Accordingly, plaintiffs' failure to submit a complete record will not preclude our review of this matter.  See *Dubey v. Abam Building Corp.*, 266 Ill. App. 3d 44, 46 (1994).  Nevertheless, any doubts arising from the incompleteness of the record will be resolved against plaintiffs.  *Foutch*, 99 Ill. 2d at 391-92. We now address the merits of plaintiffs' appeal.

¶ 15 On appeal, plaintiffs solely challenge the trial court's failure to hold an evidentiary hearing. When seeking an evidentiary hearing before a trial court, the moving party bears the burden of producing specific, detailed, and nonconjectural evidence in support of his or her position. *People v. Kuntu*, 188 Ill. 2d 157, 161 (1999). The trial court's denial of a request to hold an evidentiary hearing will not be reversed absent an abuse of discretion. *Eskew v. Burlington Northern and Santa Fe Railway Co.*, 2011 IL App (1st) 093450, ¶ 69; *Barton v. Chicago and North Western Transportation Co.*, 325 Ill. App. 3d 1005, 1026 (2001). An abuse of discretion occurs only when the trial court's ruling is arbitrary, fanciful, or unreasonable, or no reasonable person would take the view adopted by the court. *Barton*, 325 Ill. App. 3d at 1026.

¶ 16 Here, plaintiffs did not support their motion for a new trial with affidavits from any of the jurors. The only evidence they provided was an affidavit of plaintiffs' counsel—which was not included in the record—purporting to recount a conversation with Officer Gonzalez regarding statements allegedly made by an unidentified juror indicating she knew defendants' expert medical witness. As discussed above, defense counsel had a different recollection of the conversation with Officer Gonzalez. For the reasons that follow, we find Wolfman's purported affidavit was insufficient to warrant an evidentiary hearing where it lacked specific, detailed, and nonconjectural evidence. See *Kuntu*, 188 Ill. 2d at 161.

¶ 17 We first address defendants' contention that Wolfman's affidavit was based upon multiple layers of hearsay. Affidavits from affiants who speak directly to an offending juror have been accepted by some courts (*People v. Holmes*, 69 Ill. 2d 507, 510, 516 (1978); *Department of Transportation v. Graham*, 130 Ill. App. 3d 589, 593 (1985)), and rejected by others (*Hockett v. Dawdy*, 180 Ill. App. 3d 491, 497-98 (1989)). We observe that in accepting the affidavit in *Holmes*, our supreme court did not address whether the affidavit improperly

contained hearsay, but rather held the trial court erred in failing to consider the affidavit based on other grounds. *Holmes*, 69 Ill. 2d at 510-16. The appellate court in *Graham*, in turn, held the trial court's reliance on a hearsay affidavit was consistent with *Holmes*. *Graham*, 130 Ill. App. 3d at 593. Subsequently, the appellate court in *Hockett* conducted its own analysis of the issue, and held the trial court's rejection of a hearsay affidavit was proper. *Hockett*, 180 Ill. App. 3d at 497-98.

¶ 18    Here, unlike *Holmes*, *Graham* and *Hockett*, Wolfman's purported affidavit contains hearsay within hearsay (Wolfman's account of Officer Gonzalez's recitation of the unidentified juror's remarks), the veracity of which is disputed by defense counsel. Plaintiffs present no first-hand evidence supporting their allegations of Officer Gonzalez's recollection of the unidentified juror's alleged statements. Moreover, plaintiffs do not cite any authority, and we have found none, for the proposition that disputed evidence based on hearsay within hearsay is sufficient to warrant an evidentiary hearing. For this reason alone, we can conclude the trial court did not abuse its discretion in declining to grant plaintiffs' request for an evidentiary hearing. *Holmes*, 69 Ill. 2d at 516*; Hockett*, 180 Ill. App. 3d at 497-98*; Graham*, 130 Ill. App. 3d at 593.

¶ 19    The multiple layers of hearsay notwithstanding, we reiterate that plaintiffs were required to produce specific, detailed, and nonconjectural evidence in support of their claim. *Kuntu*, 188 Ill. 2d at 161. Plaintiffs, however, cannot demonstrate that Wolfman's purported affidavit, in conjunction with defense counsel's counter-affidavit, provides the type of specific, detailed, and nonconjectural evidence contemplated by the rule. See *Kuntu*, 188 Ill. 2d at 161-62 (finding a letter sent by the jury foreman to the State's attorney sufficient where the juror addressed State's attorney by his first name, joked with him, stated that if he were called again for a capital case he would tell the judge that he was the State's attorney's brother, and stated he was glad he could

write to someone he knew); *People v. Willmer*, 396 Ill. App. 3d 175, 178-79, 182 (2009) (finding a juror's affidavit sufficient where the juror alleged he looked up an applicable statute online and discussed it with other jurors).

¶ 20     Significantly, without the benefit of Wolfman's affidavit before us we cannot ascertain whether it is specific and detailed.  See *Kuntu*, 188 Ill. 2d at 161.  Regardless, there is no indication Wolfman's affidavit recounted verbatim Officer Gonzalez's statements, and there is no indication Officer Gonzalez repeated verbatim the unidentified juror's remarks.  In fact, even plaintiffs fail to use consistent language to describe the conversation with Officer Gonzalez in their motion for a new trial and opening brief.  Moreover, defense counsel gave a contrasting account of the conversation.  We conclude plaintiffs therefore lack credible, specific evidence in support of their claim.

¶ 21     In addition, we find Wolfman's purported affidavit fails to present nonconjectural evidence demonstrating the unidentified juror's pretrial knowledge of Dr. Brackett prejudiced plaintiffs.  See *Kuntu*, 188 Ill. 2d at 161; *People v. Porter*, 111 Ill. 2d 386, 404 (1986); *Barton*, 325 Ill. App. 3d at 1026.  We find *Kuntu* to be instructive.  *Kuntu*, 188 Ill. 2d at 161-62.  As discussed above, in *Kuntu* the jury foreman authored a letter to the State's attorney addressing him by his first name, joking with him, stating he would tell the judge he was the State's attorney's brother if he were called for another capital case, and stating he was glad he could write to someone he knew.  *Id*.  Our supreme court held the letter was sufficient to warrant an evidentiary hearing, noting that "we do not know what relationship, if any, exists between" the juror and the State's attorney.  *Id*.  The trial court was therefore ordered to hold an evidentiary hearing to determine if the relationship prejudiced the defendant's right to a fair trial.  *Id*. at 162.

¶ 22     Here, taking as true (1) plaintiffs' assertions on appeal that "the juror knew who Dr.

Brackett was" and she "knew of Dr. Brackett," and (2) defense counsel's averment that Officer Gonzalez did not state any juror knew Dr. Brackett personally or had ever met him, the record indicates the unidentified juror had, in fact, never met the witness. Unlike the circumstances in *Kuntu*, there appears to be no relationship between the unidentified juror and Dr. Brackett. Moreover, plaintiffs present no evidence indicating the unidentified juror's conclusions were based on her pretrial knowledge of Dr. Brackett rather than the evidence presented at trial. In fact, at least two other jurors indicated they did not believe the collision caused the damages plaintiffs claimed they sustained. There is no indication the unidentified juror came to the same conclusion based on her alleged partiality towards Dr. Brackett. Accordingly, we conclude Wolfman's affidavit fails to provide nonconjectural evidence in support of plaintiffs' claim. See *id*. at 161.

¶ 23    In reaching this conclusion, we observe that a juror's acquaintance with a witness does not demonstrate partiality or prejudice (see *Porter*, 111 Ill. 2d at 404; *People v. Strawbridge*, 404 Ill. App. 3d 460, 465-67 (2010)) and there is no additional evidence in the record indicating the unidentified juror was partial. See *Porter*, 111 Ill. 2d at 403-04 (noting that (1) it was incumbent upon the movant to establish the nature of the relationship between the juror and the victim's mother, and (2) the defendant could have subpoenaed the juror to testify at the hearing on his motion for a new trial or submitted an affidavit of the juror); see also *People v. Newson*, 133 Ill. App. 2d 391, 398 (1971) (noting that in many small communities it is not infrequent for the jurors to be acquainted with the parties or the witnesses, or both; moreover, it cannot "be argued that there is a basic right *** to [impanel] a jury, none of whom knows any of the witnesses").

¶ 24    We further observe that "all a party to a suit is entitled to in any lawsuit is a jury composed of persons who have sworn under oath that they can lay aside anything that they might

have learned about the case from whatever source together with any opinions they may have formed and judge the case solely on the facts produced in open court and on the law given them by the trial judge." *Hockett*, 180 Ill. App. 3d at 498. In *Hockett*, the court determined that "the fact that jurors may have considered the defendant [doctor] to be a nice person, or their awareness of a medical malpractice crisis, does not necessarily lead to the conclusion that the jury could not have found against the defendant if the facts supported such a finding." *Id*. at 499. Here, the fact that the unidentified juror "knew" Dr. Brackett does not lead to the conclusion that she could not have found against plaintiffs if the facts supported such a finding. See *id*. Thus, we conclude the trial court did not abuse its discretion by declining to hold an evidentiary hearing where plaintiffs failed to present specific, detailed, and nonconjectural evidence in support of their position. See *Kuntu*, 188 Ill. 2d at 161.

¶ 25                                                   CONCLUSION

¶ 26    For the reasons stated herein, we affirm the judgment of the circuit court of Cook County denying plaintiffs' posttrial motion in its entirety.

¶ 27    Affirmed.

¶ 28    PRESIDING JUSTICE GORDON, specially concurring:

¶ 29    I agree with the decision of the majority but I must write separately for the benefit of the legal community. First, in order to show that a juror's knowledge of the reputation of an expert witness was improper, the plaintiff would have been required to show that the venire was asked whether any of them knew of Dr. Boone Brackett and that the particular juror stated she did not when she actually did. There is no evidence that this question was ever asked in the first place. Second, there is no showing the plaintiff ever asked for an evidentiary hearing so that the juror could be examined under oath. Without that request, the trial judge cannot be faulted for failure

to conduct such a hearing.  The other factors were extensively discussed by the majority in its

analysis.  Based on the incomplete record in this case, this court had no alternative but to affirm

the trial court.